# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

In Re: C.T.

No. 14-0574 (Mercer County 13-JA-071)

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel John W. Feuchtenberger, appeals the Circuit Court of Mercer County's May 8, 2014, order terminating her parental rights to C.T. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael L. Jackson, filed its response in support of the circuit court's order. The guardian ad litem, Thomas M. Janutolo Jr., filed a response on behalf of the child supporting the circuit court's order. The child's father, by counsel Randal W. Roahrig, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in finding clear and convincing evidence of neglect at adjudication and also in denying her motion for an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2013, the DHHR filed an abuse and neglect petition against petitioner, her live-in boyfriend, and the child's father, alleging physical abuse of then one-year-old C.T. Specifically, the petition referenced multiple incidents of bruising and injuries to the child's head as noted during various medical visits between April of 2013 and June of 2013. Upon presenting the child for medical attention at the most recent visit, petitioner indicated that C.T. suffered the bruising when the child slammed his head into the railing of his toddler bed. The petition further alleged that the child was in the care of petitioner and her boyfriend during the time the injuries occurred and that their accounts of the child injuring himself were not consistent with the medical opinion of pediatrician Dr. Ted Solari, who treated the child during at least two of these medical visits.

In March of 2014, the circuit court held an adjudicatory hearing, ultimately finding the child to be neglected. Specifically, the circuit court found that while the child may have previously engaged in self-injurious behavior, "the resulting injuries were never near as extensive as the injuries observed at Raleigh General Hospital on June 20, 2013 . . . ." Therefore, the circuit court found that the injuries were not the result of self-injurious behavior. Further, the circuit court found that petitioner, "at a minimum," neglected the child, and that the child was likely abused by either petitioner or her boyfriend by striking the child and causing "extensive contusions to the child's face and head . . . ." However, absent direct evidence of what transpired

1

in the home, the circuit court noted that it could not "determine which of the two [individuals] committed such act."

In April of 2014, the circuit court held a dispositional hearing. Prior to the hearing, petitioner moved for an improvement period. The circuit court denied petitioner's motion and, finding that neither petitioner nor her boyfriend would acknowledge the abuse inflicted upon the child, terminated petitioner's parental rights. It is from the resulting order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's finding that the child was neglected or in its denial of petitioner's motion for a dispositional improvement period.

To begin, petitioner alleges that the circuit court erred in finding clear and convincing evidence that the child was neglected.[1] In support of this assignment of error, petitioner minimizes the child's injuries, claiming he did not sustain "serious injuries," and relies heavily on the argument that, despite presenting to multiple medical facilities with bruising to the face and head, none of the mandatory reporters that saw the child ever filed a report with the appropriate authorities. Additionally, petitioner argues that "there is no medical evidence alleging injuries inconsistent with [the] testimony [of petitioner and her boyfriend]." Upon our review, the Court finds no merit to these arguments.

We have previously held that

> "W.Va.Code, 49–6–2(c) [1980], requires the State Department of Welfare [now the Department of Human Services], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and

---

[1]Petitioner actually alleges that the circuit court erred in finding that C.T. was an "abused child." However, the record shows that at adjudication, the circuit court specifically found C.T. to be a "neglected child" pursuant to West Virginia Code § 49-1-3(11).

2

convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the State Department of Welfare is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted). The fact that the child did not sustain injuries beyond the extensive contusions to his face and head is not evidence that petitioner was without fault for the child's injuries. Moreover, the injuries the child did sustain, including swelling so severe that one eye was swollen shut, were sufficient to constitute the basis for the circuit court's finding of neglect below, notwithstanding a lack of reporting from the medical professionals who treated the child. West Virginia Code § 49-1-3(11)(A), in relevant part, defines a neglected child as one "[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary . . . supervision . . . ." Therefore, it is clear that the circuit court did not err in finding the child was neglected, based upon the injuries he sustained while in petitioner's care.

Further, petitioner's argument that the circuit court lacked medical testimony upon which to find that the child's injuries were inconsistent with her testimony concerning the manner in which the child sustained the injuries is without merit. Specifically, Dr. Solari consistently testified that the child could not have sustained such extensive bruising and swelling through self-injury. Not only did Dr. Solari testify that he had never seen injuries to this extent when treating self-injurious children, he further testified that his prior treatment of C.T. caused him to doubt the child even had such tendencies for self-injury. While petitioner's medical expert did provide his opinion that the child engaged in self-injury and that the bruising could have occurred in the manner in which petitioner alleged, the circuit court was free to make credibility determinations upon this competing evidence. We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). As such, it is clear that the circuit court had sufficient evidence upon which to make its finding that the child was neglected.

As to petitioner's second assignment of error, the Court finds no error in the denial of petitioner's motion for an improvement period. Simply put, petitioner's failure to acknowledge the conditions of abuse and neglect in the home prevented her from obtaining an improvement period. West Virginia Code § 49-6-12 provides circuit courts discretion in granting improvement periods upon a showing that the parent will fully participate in the same. Further, we have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

3

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). As outlined above, the circuit court specifically found that the child's injuries occurred while in petitioner's care and that expert testimony established that the child could not have sustained the injuries in the manner petitioner provided. Further, in denying the motion for an improvement period, the circuit court found that petitioner continually refused to name the perpetrator of the abuse, despite "ample opportunity to explain what happened or to acknowledge [her] culpability in the acts." For these reasons, the circuit court did not err in denying petitioner's motion for an improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court and its May 8, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II